JANET M. HEROLD
Regional Solicitor
MARC A. PILOTIN
Counsel for Wage and Hour Litigation
BORIS ORLOV
CHARLES SONG
CHERYL ADAMS
Senior Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
350 S. Figueroa Street, Suite 370
Los Angeles, CA 90071-1202
Telephone: (213) 894-5410
Orlov.Boris@dol.gov
*Attorneys for Plaintiff R. Alexander Acosta,*
*United States Secretary of Labor*

FILED
Clerk
District Court

APR 1 1 2019

for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

R. ALEXANDER ACOSTA,
   Secretary of Labor,
   United States Department of Labor,

                Plaintiff,
   v.

IMPERIAL PACIFIC INTERNATIONAL
HOLDINGS, LTD.; IMPERIAL PACIFIC
INTERNATIONAL (CNMI), LLC,

                Defendants.

Case No. CV 19-00007

**COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT**

COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT
Case No. .

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor (the "Secretary") brings this action to enjoin Defendants Imperial Pacific International Holdings, Ltd., and Imperial Pacific International (CNMI), LLC, (collectively "IPI") from violating provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5), and to recover amounts owed under the FLSA to employees listed by name in the attached Exhibit A, for the period from January 22, 2016 through December 19, 2017 (the "Investigation Period").

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this action under Section 17 of the FLSA, 29 U.S.C. §217; this Court also has subject matter jurisdiction of this action under 28 U.S.C. §1331 (federal question) and §1345 (United States as Plaintiff).

2. Venue lies in this District pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claim occurred within this District and one or more Defendants reside within this District.

## DEFENDANTS

3. Defendant Imperial Pacific International Holdings, Ltd., is and at all relevant times has been an investment holding company based in Hong Kong and is listed on the Hong Kong Stock Exchange. Imperial Pacific International Holdings, Ltd., has an office and place of business at the Imperial Pacific Resort Hotel and Casino in Saipan, Northern Mariana Islands, within the jurisdiction of this Court.

4. Defendant Imperial Pacific International (CNMI), LLC, is and at all relevant times has been an CNMI Limited Liability Company, a subsidiary of Imperial Pacific International Holdings, LTD and has an office and place of business at Imperial Pacific Resort Hotel and Casino, Saipan, Northern Mariana Islands, within the jurisdiction of this Court. Imperial Pacific International (CNMI), LLC is a resort, hotel and casino operator.

5. The activities of Defendants constitute, and at all times material hereto have constituted,

related activities performed through unified operation or common control for a common business purpose; and are, and at all times material hereto have been, an "enterprise" as defined in FLSA § 3(r), 29 U.S.C. § 203(r).

6. The aforesaid enterprise has, and at all times material hereto has had, employees engaged in commerce or in the production of goods for commerce, or in handling, selling or otherwise working on goods or materials which have been moved in or produced for commerce. Said enterprise has, and at all times material hereto has had, an annual gross volume of sales made or business done (exclusive of any excise taxes at the retail level, if any, that were separately stated) of no less than $500,000.00; and said enterprise constitutes, and at all times material hereto has constituted, an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s), 29 U.S.C. § 203(s).

## VIOLATIONS OF THE FLSA

7. IPI is developing Imperial Pacific Resort Hotel and Casino in Garapan, Saipan ("Casino Construction Project"). IPI hired construction contractors to build the project.

8. The Secretary conducted an investigation of the Casino Construction Project covering the periods of January 22, 2016 to December 19, 2017. The investigation revealed violations of the FLSA caused by IPI's construction contractors' failure to pay overtime and minimum wages, as well as maintain records required by the FLSA.

9. IPI had economic control over the Casino Construction Project and its contractors' construction workers on the project, making it an employer of those construction workers for purposes of the FLSA.

10. As a result of IPI's contractors paying employees an hourly rate below the required federal minimum wage, Defendants have violated the provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. § 206 and § 215(a)(2).

11. As a result of IPI's contractors failure to pay employees at a rate of time and one half the employees' regular rate for hours worked over 40 in a workweek, Defendants have violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. § 207 and § 215(a)(2).

COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT
Case No. .                                                                                                              Page 2

12. As a result of IPI's contractors failure to maintain, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by the Secretary pursuant to the authority granted in the FLSA and published in the Federal Register and known as Title 29, Code of Federal Regulations, Part 516, Defendants have violated the provisions of Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. § 211(c) and § 215(a)(5).

## PRAYER FOR RELIEF

WHEREFORE, cause having been shown, the Secretary prays for a judgment against Defendants as follows:

A. For an Order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with them, from prospectively violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 215(a)(5); and

B. For an Order:

   i. pursuant to FLSA § 16(c), 29 U.S.C. § 216(c), finding Defendants liable for any unpaid minimum wage and overtime compensation during the relevant time period that may be found by the Court to be due under the FLSA, plus an additional amount as and for liquidated damages, equal to any back wages found to have accrued under the FLSA, to former employees of Defendants, including, at a minimum, the persons listed by name on the attached Exhibit A; or

   ii. in any instances where liquidated damages are not awarded herein, restraining, pursuant to FLSA § 17, 29 U.S.C. § 217, Defendants, their officers, agents, servants and employees and all persons in active concert or participation with them, from continuing to withhold the payment of any unpaid minimum wage and overtime compensation that may be found by this Court to have accrued under the FLSA to former employees of Defendants, including, at a minimum, the persons

listed by name on the attached Exhibit A, plus pre-judgment interest thereon; and,

C. Awarding the Secretary of Labor the costs of this action; and,

D. Awarding the Secretary such further legal and equitable relief as may be deemed appropriate.

                                                          Respectfully submitted,

Dated: April 9, 2019                  KATE S. O'SCANNLAIN
                                                          Solicitor of Labor

                                                          JANET M. HEROLD
                                                          Regional Solicitor

                                                          MARC A. PILOTIN
                                                          Counsel for Wage and Hour Litigation

                                                             */s/ Cheryl L. Adams*
                                                             */s/ Boris Orlov*
                                                          BORIS ORLOV
                                                          CHARLES SONG
                                                          CHERYL L. ADAMS
                                                          Senior Trial Attorneys
                                                          *Attorneys for Plaintiff R. Alexander Acosta,*
                                                          *United States Secretary of Labor*