Janet M. Herold
Regional Solicitor
Boris Orlov, Attorney
(California State Bar Number 223532)
Charles C. Song, Attorney
(California State Bar Number 204497)
Cheryl L. Adams, Attorney
(California Sate Bar Number 208244)
Office of the Solicitor
United States Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071-1202
Telephone: (213) 894-5410
Facsimile: (213) 894-2064
Email: orlov.boris@dol.gov

Attorneys for the Plaintiff

FILED
Clerk
District Court

APR 1 1 2019

for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

**R. Alexander Acosta**,
  Secretary of Labor,
  United States Department of Labor,

  Plaintiff,

  v.

**Imperial Pacific International Holdings, Ltd., Imperial Pacific International (CNMI), LLC,**

  Defendants.

Case No. **CV 19-00007**

CONSENT JUDGMENT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor (the "Secretary") and Defendants Imperial Pacific International Holdings, Ltd, Imperial Pacific International (CNMI), LLC, (collectively IPI), have agreed to resolve the matters in controversy in this civil action and agree to the entry of this Consent Judgment and Injunction ("Judgment").

A. The Secretary filed a Complaint in the above-captioned proceeding. Defendants, represented by the undersigned counsel, waive the issuance of service of process of the Summons and Complaint, waive their response to the Complaint.

B. Imperial Pacific International,, LTD is a company based in Hong Kong and is listed on the Hong Kong Stock Exchange. IPI is developing Imperial Pacific Resort Hotel and Casino in Garapan, Saipan ("Casino Construction Project"). IPI hired construction contractors to build the project.

C. Imperial Pacific International (CNMI), LLC is a limited liability company based in Saipan and is the subsidiary of Imperial Pacific International, LTD.

D. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the District for the Northern Mariana Islands.

E. The Secretary conducted FLSA investigations of the Casino Construction Project covering the periods of January 22, 2016 to December 19, 2017. The parties have agreed to compromise, settle and resolve all violations caused by the failure of IPI's construction contractors to pay overtime and minimum wages required by the FLSA through this Judgment.

F. The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Judgment in settlement of this action, without further contest.

G. Defendants understand and acknowledge that demanding or accepting any of the funds due employees under this Judgment or threatening any employee or retaliating against any employee for accepting money due under this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by the FLSA, 29 U.S.C. § 215(a)(3), and that violation of this Judgment may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

H.  Defendants acknowledge that any individual or entity acting on their behalf or at their direction (including but not limited to supervisors, superintendents, or foremen) will be provided with notice of the provisions of this Judgment within 30 days of entry.

It is therefore, upon joint motion of the attorneys for the parties, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2) and 215(a)(5), in any of the following manners:

1.  Defendants shall not, contrary to sections 6 and 15(a)(2) of the FLSA, pay any of their employees, who in any workweek are engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at a rate less than $7.05 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA).

2.  Defendants shall not, contrary to FLSA sections 7 and 15(a)(2) employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

3.  Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by

regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

4. Defendants, jointly and severally, shall not withhold payment of $1,580,00.00 in minimum wage and overtime pay hereby due under the FLSA and this Judgment, to individuals on Exhibit 1 (or any amendments thereto), as a result of their work on the Imperial Pacific International Hotel during the period of January 22, 2016 through December 19, 2017. Liquidated damages in the amount of $1,580,000.00 (constituting an equal amount of the back wages) and $200,000.00 in Civil Money Penalties are hereby due and will be paid under the FLSA by the Defendants.

5. FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to Sections 16(c) and 16(e) of the FLSA, 29 U.S.C. §§ 216(c), (e) in favor of the Secretary as a judgment to be paid to the Secretary by Defendants in the total amount of Three Million Three Hundred Sixty Thousand and Zero Cents ($3,360,000.00), which is comprised of: $1,580,000 in backwages; and pursuant to authority expressly provided in Section 16 of the FLSA, 29 U.S.C. § 216, an additional equal amount as liquidated damages of $1,580,000, and an additional amount of $200,000 as civil monetary penalties. Payment of these amounts shall be made based on the following procedure:

a. On March 27, 2019, Defendants paid to the Secretary of Labor $300,000.00. Defendants shall pay to the Secretary of Labor the remaining $3,060,000.00 (which includes interest) in three payments of $1,020,000.00 on the 1st of December in 2019, 2020, and 2021.

6. Identity of all employees is not presently known and Exhibit A will be supplemented and amended by the Secretary at his discretion upon identifying the employees.

7. The Secretary shall allocate and distribute the Amount Due that is paid as described in Paragraphs 4 and 5, less deductions for employees' share of payroll and withholding taxes on the back wage amounts, to the identified employees or to their estates if that is necessary, in his sole discretion and any money not so paid within a period of three (3) years from the receipt of final payment plan payment, because of an inability to locate the proper persons or because of their refusal to accept it, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

8. Defendants shall comply with the FLSA, and if not already in effect at the time of entry of this Judgment, shall amend and maintain their payroll practices and require all contractors to amend and maintain their payroll practices as follows:

    a. All employees shall be paid an hourly rate and in compliance with minimum wage and overtime provisions of the FLSA. All production or other bonuses will be included in calculation of the regular rate for purposes of computing overtime.

    b. All the information required by 29 C.F.R. § 516.2 shall be accurately recorded in the payroll records, including (1) all hours worked by employees each workday and workweek; (2) the rate(s) of pay for each of the hours worked during a workweek; (3) the total weekly straight-time earnings due for the hours worked during the workweek; and (4) the total premium pay for overtime hours. If production bonuses or incentives are used the method of computing such bonuses and the actual computation shall be made available to each employee with their paycheck; the employees shall also have the right to inspect production records and payroll records.

    c. Employee paystubs must show hourly pay rates, all hours worked in the applicable workweek(s), any premium pay including overtime calculations, and all deductions.

CONSENT JUDGMENT          Page 5 of 17

    d.    All time and payroll records shall be maintained for a period of not less than three years and made available to the Department of Labor upon request.

    e.    All wages paid to employees, regardless of the manner of payment, shall be recorded on payroll records.

    f.    Time or payroll records shall not be altered or manipulated to reduce the number of hours actually worked by an employee, and workers shall not be encouraged to under-report hours worked.

    g.    Defendants shall include a notice provision to employees of all contractors to notify employees that they have a right to review the records of hours worked and if they disagree with the hours the employer has recorded they have the right to bring this to the attention of the Defendants without any retaliation or to contact the Department of Labor.

    h.    Defendants shall require all contractors to provide a copy of their payroll to the Defendants for inspection and review upon request.

    j.    The representatives of the Department of Labor, Wage and Hour division shall have a right at their discretion to conduct unannounced visits to the Defendants jobsite to inspect payroll records and interview employees.

9. Deposit/Escrow Requirement. Within 120 days of entry of this Judgment, Defendant shall require all construction contractors with whom it does business to deposit with IPI or in escrow the amount of $100,000 or one month payroll, whichever is more. This amount must be available to pay backwages to employees in the event violations are discovered by the Defendant, the monitor, or the Department of Labor. The contractor must maintain this deposit throughout the duration of its work for the Defendant. After 30 days of entry of this Judgment, Defendant shall not enter into any new contract with, extend any contract of or

provide any work to any construction contractor who has not obtained the deposit required under this provision.

10. Contractor Supervisor Training. On at least an annual basis, Defendants shall hire an independent third-party to conduct contractor supervisor training as to the requirements of the FLSA. The training shall be for one session of not less than one hour with an opportunity for questions and answers and shall address the FLSA's minimum wage, overtime, record keeping, and anti-retaliation requirements, and the FLSA's requirements for classifying workers properly as employees as opposed to independent contractors. All supervisors and employees who determine employees' pay or schedules or who prepare payroll shall attend this training. Defendants shall maintain documentation of these trainings for a period of three (3) years and shall provide it to representatives of the Secretary of Labor upon request. The documentation must include without limitation a list of attendees (with their signatures), the content of the training, including any materials used, distributed or referenced during the training, and the date, time and location of the training. This provision shall be in effect for a period of three (3) years from the date entry of this Judgment by the Court.

11. Wage Hour Contractor Seminar. All current and future construction contractors shall attend an education outreach seminar conducted by Wage Hour Division of the Department of Labor (and any other Wage Hour invited agency such as OSHA, CNMI Casino Commission, and CNMI Department of Labor). The contractor representative must be managers with responsibility for business operations and supervisors who are responsible for payroll and employee work conditions.

12. Monitor. Defendants shall cooperate with an Independent Monitor selected by the Secretary and appointed by the Court to monitor Defendants' and contractor compliance with the FLSA and the terms of this Consent Judgment, including permitting the Independent Monitor to enter the worksite without prior

notice; inspect all of the physical facilities and working conditions of the worksite; inspect all books, records, and documents requested by the Independent Monitor, including employee time, payroll, and personnel records; and perform other duties necessary to conduct the monitoring, including but not limited to those duties described in paragraph 13 below.

    a. The Defendants shall provide, by email, payroll and timekeeping records to the Independent Monitor within five days of paying wages to employees.

    b. Defendants shall provide, by email, the names, addresses, telephone numbers, and email addresses (where known) of all employees within 30 days of entry of this Consent Judgment. Thereafter, Defendants shall inform the Independent Monitor of any changes to the information provided (i.e. changes to the list of employees and any changes to the contact information) not less than every three months.

    c. Defendants shall not discriminate or retaliate against employees for cooperating or communicating with the Independent Monitor.

    d. Defendants are jointly and severally liable for payment of the reasonable costs, fees and expenses of Independent Monitor incurred in connection with the performance of the Independent Monitor's duties as specified in this Consent Judgment.

        i. On or before April 15, 2019, Defendants shall deposit $45,000 into the Court's registry for payment to Independent Monitor. On or before November 1, 2019, Defendants shall deposit a second payment $45,000 into the Court's registry for payment to Independent Monitor. For a total payment of $90,000 to the Independent Monitor.

        ii. The Independent Monitor shall submit quarterly billing statements to the Court and the parties starting in July 15, 2019.

The Secretary shall have 15 days to file objections to the billing statements. In the absence of objections, the clerk shall make the payment 30 days after the submission of the billing statement. The total billings by the Independent Monitor shall not exceed $90,000.

13. Monitor. Burger, Comer, and Magliari, Certified Public Accountants, (BCM, LLC), David Burger principal in charge, is hereby appointed as the Independent Monitor ("Independent Monitor") to monitor Defendants' compliance with the FLSA and the terms of this Consent Judgment for a period of one year from entry of this Judgment.

   a. On or before May 30, 2019, the Independent Monitor shall conduct separate mandatory educational question and answer sessions with each of the contractors performing construction work at the IPI casino site with supervisors concerning the requirements of the Consent Judgment and the FLSA, and with all employees (for which time employees will be compensated) concerning their rights under the Consent Judgment and the FLSA, including anti-retaliation provisions and timekeeping provisions (Paragraphs G and 9). No managers or attorneys for Defendants shall be present at the employee sessions. These sessions must be treated as work hours for which employees must be compensated.

   b. During the 120 days after entry of the Consent Judgment and regularly thereafter, the Independent Monitor shall conduct interviews of employees, onsite, offsite, and/or by telephone concerning the Contractors' compliance with the terms of the Consent Judgment and the FLSA, including anti-retaliation provisions. The location of the interviews shall be at the discretion of the Independent Monitor, but at least half of the interviews will be conducted offsite. The Independent

  Monitor shall regularly review employee payroll, timekeeping (including time clock records) and other relevant documents, interview employees and supervisors, and conduct unannounced inspections of the workplaces as needed to determine if Defendants are complying with the FLSA and the Consent Judgment.

 c. If the Independent Monitor believes a violation of any applicable local, state or federal law to have occurred, it will notify Defendants promptly. Defendants shall correct any wage violations identified by the Independent Monitor in the next regularly scheduled payroll unless Defendants dispute the violations, in which case the alleged violations shall be reported to the Secretary and any other appropriate regulatory agency or other appropriate entity, within five business days. The Defendants shall correct any other alleged violations identified within five business days, or the Independent Monitor will report the alleged violations to the appropriate regulatory agency or other appropriate entity. However, if the Independent Monitor believes that the alleged violations it has identified are urgent or otherwise require immediate attention, the Independent Monitor shall have the discretion to immediately report the alleged violations to the Secretary or other appropriate regulatory agency, or other appropriate entities or individuals at the Independent Monitor's discretion.

 d. The Department of Labor may provide confidential information obtained during its investigation and the lawsuit to the Independent Monitor without waiving any privileges protecting such information, including the government informant privilege. If the Independent Monitor reports a violation to the Wage and Hour Division pursuant to subparagraph c, the Independent Monitor shall provide copies of all documents relevant to the alleged violation to the Department of

      Labor upon its request, and such information shall remain confidential and subject to the protection of the government informant privilege. If the Independent Monitor reports a violation of other applicable law to a regulatory agency or other entity pursuant to paragraph c, the Independent Monitor may provide such information to the regulatory agency or other entity as the Independent Monitor deems necessary for that agency, entity, or individual to investigate or otherwise address the alleged violation.

          i. Except as set forth in subparagraph d, above, the names of employees interviewed, interview notes, and information that would identify specific employees shall be kept in strict confidence by the Independent Monitor from all persons.

  e. The Independent Monitor shall provide quarterly reports on results of inspections, status of compliance and time spent to the Secretary, Defendants, and the Court, which shall be filed through ECF and docketed in this case.

  f. The duties of the Independent Monitor will conclude one year after the date specified in subparagraph  unless the Court has ordered additional monitoring upon petition by the Secretary, independent monitor, or any employee. Violation of the any of the timekeeping provisions (Paragraphs 3 and 8) shall be presumed a reasonable basis for continued monitoring.

14. Within thirty (30) days of the entry of this Judgment, Defendants shall supply all employees with copies of the attached Exhibit 2, which summarizes terms of this Judgment and the employees' rights under the FLSA. English version is included in the attached Exhibit 2. In addition, Defendants shall provide copies of Exhibit 2 to all new hires, and conspicuously post a copy at all business offices in a

location that is frequented by employees and where it is visible. In addition, within 10 days of the entry of this Judgment, Defendants shall post this Judgment at its business locations in an area that is frequented by employees and where it is visible. This provision shall be in effect for a period of three years from the date entry of this Judgment by the Court.

15. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the back wages or liquidated damages from any of their past or current employees, including without limitation those listed on the attached Exhibit 1. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds to be paid under this Judgment. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

16. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

IT IS ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 or Amended Exhibit 1, nor as to any employee named on the attached Exhibit 1 or the Amended Exhibit 1 for any period not specified therein, nor as to any employer other than Defendants; and it is further

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall act as a bar to any action or claim against Defendants

under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee named on the attached Exhibit 1 or the Amended Exhibit 1 for the period listed therein; and it is further

ORDERED that this Judgment represents a full, final, and complete judicial resolution of all claims alleged against Defendants in the Secretary's Complaint referenced in Paragraph A, except that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under the FLSA as to any employer other than the Defendants; and it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and it is further

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Judgment.

DATED this 11th day of April, 2019.

Ramona V. Manglona, Chief Judge
United States District Court

For the Defendants:

The Defendants hereby appear and consent to the entry of this Judgment, and waive notice by the Clerk of Court:

For: Imperial Pacific International Holdings, Ltd.

By: _____   April 5, 2019
Name: Cui Li Jie                 Date
Title: Chairwoman

For: Imperial Pacific International (CNMI), LLC

By: _____   April 5, 2019
Name: Cui Li Jie                 Date
Title: Duly Authorized Representative

Approved as to Form,

Freeh, Sporkin & Sullivan, LLP
Attorneys for the Defendants

_____        April 9, 2019
Eugene R. Sullivan,                       Date
Attorneys for Defendants




For the Plaintiff:
KATE O'SCANNLAIN
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

CHARLES SONG,
Senior Trial Attorney

_____        April 9, 2019
BORIS ORLOV, Senior Trial Attorney       Date
Attorneys for the Plaintiff
U.S. Department of Labor

**CONSENT JUDGMENT**                     Page 15 of 17

# EXHIBIT 2

# NOTICE OF RIGHTS
# TO CURRENT AND FORMER EMPLOYEES WORKING ON THE CONSTRUCTION OF THE IMPERIAL PACIFIC RESORT HOTEL AND CASINO

Under federal law, you have the right to:

- **Be paid at least the applicable minimum wage,** currently $ **7.25** per hour;

- **Be paid for overtime** at a rate of one and one-half of your regular rate for all hours you work over 40 in a workweek;

- Have your employer **keep accurate records of the hours you work,** which includes permitting you to record all hours that you have worked; and

- **Not be retaliated against or intimidated** for (1) participating in an investigation by the United States Department of Labor, or (2) exercising your rights under federal law. This means your employer cannot do or threaten to do any of the following because you spoke with the Department of Labor, complained about your pay or work, or asserted your legal rights: fire you; refuse to pay you for all hours you worked; or ask you to return all or a portion of amounts paid to you as a result of a lawsuit for back wages.

Below are examples of how you should be paid:

**Example 1** Employee A makes $420 per week total and works 70 hours in a week:

$420 ÷ 70 hours = $6.00 per hour or below the required minimum wage.

To be paid properly the employee must be paid

$7.25(minimum wage) x 40 hours = $290.00

$7.25 x 1.5 = $10.87 overtime hourly rate

$10.87 x 30 overtime hours = $326.10 for overtime hours

**Total pay: $290.00 for the first 40 hours and $326.10 for 30 overtime hours = $616.10**

CONSENT JUDGMENT

**Example 2:** Employee B makes $20.00 per hour and works 60 hours in a week

$20.00 x 40 hours = $800.00

    $20.00 x 1.5 = $30.00 overtime hourly rate

    $30.00 x 20 overtime hours = $600.00 for overtime hours

**Total pay: $800 for the first 40 hours and $600 for 20 overtime hours = $1,400**


**Please contact the U.S. Department of Labor or the Court appointed Independent Monitor if you have any questions about your rights under federal law.**


**U.S. Department of Labor – Wage and Hour Division**
**Marina Heights Business Park**
**MH II Bldg., #205**
**Saipan, MP 96950**
**(670) 233-0740**

**OR**

**Independent Monitor: David Burger**
**Suite 203 MHII Building**
**Marina Heights Business Park**
**Saipan, MP 96950**
**(670) 235-8722**