Marc A. Pilotin
Regional Solicitor
Boris Orlov,
Counsel for Wage and Hour
(California State Bar Number 223532)
Charles C. Song, Attorney
(California State Bar Number 204497)
Karla Malagon, Attorney
(California State Bar Number 320505)
Office of the Solicitor
United States Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071-1202
Telephone: (213) 894-5365
Facsimile: (213) 894-2064
Email: song.charles@dol.gov

Attorneys for the Plaintiff

F I L E D
Clerk
District Court

SEP 30 2022

for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| Martin J. Walsh,<br>   Secretary of Labor,<br>   United States Department of Labor,<br><br>              Plaintiff,<br>     v.<br><br>**Imperial Pacific International Holdings, Ltd., Imperial Pacific International (CNMI), LLC**<br><br>              Defendants. | Case No. CV 19-00007<br><br><u>SECOND AMENDMENT TO THE APRIL 11, 2019 CONSENT JUDGMENT</u> |

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary") and Defendants Imperial Pacific International Holdings, Ltd, Imperial Pacific International (CNMI), LLC, (collectively IPI), respectfully request this Court to amend the Consent Judgment that it approved on April 11, 2019

and the First Amended Consent Judgment that it approved on March 29, 2021, pursuant to the terms of this Second Amended Consent Judgment ("Second Amendment Consent Judgment").

## I. Parties' Recitals

Defendants and the Secretary entered into a Consent Judgment, approved by this Court on April 11, 2019. The Consent Judgment required Defendants to make payments for unpaid minimum wage and overtime premiums pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA").

Defendants violated the Consent Judgment by failing to make payments the Consent Judgment required and by violating the FLSA, which the injunction prohibited. The Court issued an Order Finding Civil Contempt against Defendants on January 21, 2021 (ECF 19) and ordered, *inter alia*, Defendants to purge contempt by paying unpaid payroll among other orders regarding Defendants' treatment of employees. Further, the Court issued an Order (ECF 50) appointing a Receiver to enforce the Court's order.

To purge contempt, Defendants entered the First Amended Consent Judgment (ECF 60) and subsequently Amendment to Payment Plan of First Amended Consent Judgment (ECF 82) setting forth a series of payments and other conditions for Defendants to follow. The Court stayed the appointment of the Receiver.

Defendants have made the payments required under these judgments and amendments. However, the Secretary found Defendants to be in violation of both the H-2B regulations, the Immigration and Nationality Act of 1952, P.L. 82-414, 66 Stat. 163, codified as amended at 8 U.S.C. §§ 1101, *et seq*. ("the INA"), as amended by the Immigration Reform and Control Act of 1996, P.L. 99-603, 100 Stat. 3359, and the FLSA arising from their failure to pay the promised rate and the accompanying FLSA overtime premium to the employees Defendants hired under the H-2B program. Based on these violations Defendants are again in contempt of the Court's injunction against violations of the FLSA. To address these FLSA

violations and purge their contempt, Defendants enter into this Second Amended Consent Judgment. To resolve Defendants' H-2B violations, the parties will be filing concurrently consent findings before the Secretary's Office of Administrative Law Judges.

## II. Permanent Injunction

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at their direction or in concert or participation with them, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

Defendants, jointly and severally, shall not withhold payment of $1,010,416.04 in overtime pay hereby due under the FLSA and this Judgment, to individuals on Exhibit 1 (or any amendments thereto), as a result of their work on the Imperial Pacific International Hotel during the period from January 31, 2020 through January 30, 2021.

### III. Monetary Provisions

FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to Sections 16(c) and 16(e) of the FLSA, 29 U.S.C. §§ 216(c), (e) in favor of the Secretary as a judgment to be paid to the Secretary by Defendants in the total amount of Two Million One Hundred Ninety-Five Thousand Seven Hundred Twenty Six Dollars and One Cent ($2,195,726.01), which is comprised of: $1,010,416.04 in backwages; and pursuant to authority expressly provided in Section 16 of the FLSA, 29 U.S.C. § 216, an additional equal amount as liquidated damages of $1,010,416.04, and an additional amount of $174,893.93 as civil monetary penalties. Payment of these amounts shall be made based on the following procedure:

    a.    Defendants shall make payments to the Secretary as follows:

| | |
|---|---|
| July 1, 2022 | $123,839.28[1] |
| August 1, 2022 | $41,667.00 |
| September 1, 2022 | $41,667.00 |
| October 1, 2022 | $41,667.00 |
| November 1, 2022 | $41,667.00 |
| December 1, 2022 | $41,667.00 |
| January 1, 2023 | $41,667.00 |
| February 1, 2023 | $41,667.00 |
| March 1, 2023 | $41,667.00 |
| April 1, 2023 | $41,667.00 |
| May 1, 2023 | $41,667.00 |
| June 1, 2023 | $41,667.00 |
| July 1, 2023 | $41,667.00 |
| August 1, 2023 | $249,287.00 |
| September 1, 2023 | $249,287.00 |
| October 1, 2023 | $249,287.00 |
| November 1, 2023 | $249,287.00 |
| December 1, 2023 | $249,287.00 |

---

[1] The amounts paid by Defendants pursuant to the April 11, 2019 Consent Judgment, the First Amended Consent Judgment and Amended Payment Plan are summarized on attached Exhibit B. The amounts remaining from these payments including the $250,000 amount deposited with the Secretary to ensure payroll have been applied to backwages, liquidated damages and civil money penalties, as reflected in Exhibit B. The remainder of the $250,000 deposited amount or $76,160.72 shall remain deposited with the Secretary to be used at Secretary's discretion in the event Defendants incur new FLSA violations or miss payroll. If no new violations are incurred and payroll is current this amount will be credited to the January 1, 2024 payment requiring the Defendants to pay the balance of $265,124.01. Defendants shall inquire on December 1, 2023 as to whether the Secretary determines that the $76,160.73 is available to be applied to January 1, 2024 payment or has been applied to other liabilities. If the amount is not available, Defendants shall pay the full $341,284.74.

**SECOND AMENDED CONSENT JUDGMENT**                                                      Page 4 of 8

| | |
|---|---|
| January 1, 2024 | $341,284.74 (including $15,837 interest at 1% on the payment plan) |
| TOTAL | $2,211,563.01 |

As security for Defendants' monetary liability of $2,211,563.00, Defendants' affiliate, Green Estate Holdings (CNMI) LLC ("Green Estate"), a signatory to this Second Amended Judgment, agrees and consents to the Second Amended Consent Judgment being recorded as first lien against the leasehold parcels of property commonly known as the Lot 463NEW-1, Lot 463NEW-5, Lot 463NEW-6, Lot 463NEW-7, Lot 463NEW-8, Lot 463NEW-9, Lot 463NEW-10, Lot 463NEW-R5, Lot 463NEW-1R/W, and Lot 463NEW-2R/W identified in Exhibit A attached hereto (collectively referred to as the "Lot 463 Parcels"). Defendants and Green Estate will cooperate with the Secretary in any manner necessary to perfect his security interests in the Lot 463 Parcels. Specifically, Defendants and Green Estate will cooperate with the Secretary to execute and deliver any and all documents required by Security Title, Inc., including but not limited to all necessary corporate resolutions, consents and approvals, within five (5) days after the entry of this amendment, and to issue a title insurance policy insuring a first lien position for the lienholder for the sum of $2,211,563.00. Green Estate and Defendants further represent that the property offered is not subject to any liens or encumbrances.

Green Estate consents to the jurisdiction of this Court for the purposes of enforcing the Secretary's security interest.

Defendants acknowledge and understand that any future missed payroll will be subject to the assessment of liquidated damages and civil money penalties.

All other terms of the Consent Judgment and the First Amended Consent Judgment with the exception of the use of the Flame Tree property to secure the payments remain the same.

The Court directs the entry of this modification to the March 29, 2021 First

Amended Consent Judgment as a final order.

DATED this  30th  day of ~~June~~ September, 2022.

_____
RAMONA V. MANGLONA
Chief Judge

For the Defendants:

The Defendants hereby consent to the entry of this Second Amended Consent Judgment, and waive notice by the Clerk of Court:

For:  Imperial Pacific International Holdings, Ltd.

By: _____   June 20, 2022
Name: Chen Feng                         Date
Title: Executive Director


For:  Imperial Pacific International (CNMI), LLC

By: _____   June 20, 2022
Name: Tao Xing                          Date
Title: Director


Agreed and Consented to by:

GREEN ESTATE HOLDINGS (CNMI), LLC

By: _____
Name: Zheng Dongting
Title: Operating Manager

**SECOND AMENDED CONSENT JUDGMENT**                              Page 7 of 8

Approved as to Form,

Attorneys for Imperial Pacific International (CNMI), LLC

*Kevin Abikoff*            June 20, 2022

Kevin Abikoff,            Date

Attorneys for Imperial Pacific International (CNMI), LLC

For the Plaintiff:
SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

Boris Orlov,
Counsel for Wage and Hour

*Charles Song*            June 21, 2022

CHARLES SONG, Senior Trial Attorney     Date
Karla Malagon, Trial Attorney
Attorneys for the Plaintiff
U.S. Department of Labor